FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

JUN 28 2017

JAMES W. McCORMACK, CLERK
By: _____ /s/ _____
                    DEP CLERK

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

**SIERRA WRIGHT and VANESSA BRYANT,**
Individually and on behalf of others similarly situated,

PLAINTIFFS

vs.

No. 3:17-cv-_00163 DPM_

**CMR DOUBLE J WEST LLC dba Double J Smokehouse and Saloon,
JEFF STAMM, DON DAWSON,
JOHN HARRIS and JAMES KING, Individually,**

JURY TRIAL DEMANDED

This case assigned to District Judge _MARSHALL_
and to Magistrate Judge _VOLPE_

DEFENDANTS

## ORIGINAL COMPLAINT – COLLECTIVE ACTION

Comes Now the Plaintiffs, Sierra Wright and Vanessa Bryant, and bring this action on behalf of themselves and all others similarly situated, and sues Defendants Double J West LLC dba Double J Smokehouse and Saloon ("Double J"), Jeff Stamm, Don Dawson, John Harris, and James King, individually alleging violations of the Fair Labor Standards Act (hereafter "FLSA") of 1938, 29 U.S.C. § 201 *et seq.* and related state law claims.

### INTRODUCTION

1. Plaintiffs bring this action individually and as part of a collective action, under the FLSA, 29 U.S.C. § 201, *et seq.*, to recover unpaid wages and overtime wages for Plaintiffs and other similarly situated employees who are members of a class as defined herein and currently or previously employed by Defendants. The collective action claims are for overtime compensation, liquidated damages, interest, and attorneys' fees and costs pursuant to the FLSA, 29 U.S.C. §§ 207, 216(b).

2. Plaintiffs also bring this claim individually and as part of a collective action pursuant to the Federal Rules of Civil Procedure on behalf of other similarly situated persons who elect to opt-in in asserting unjust enrichment, breach of agreement, and violation of the Minimum Wage Act of the State of Arkansas ("AMWA"), Arkansas Code Annotated § 11-4-201 *et seq.,* against Defendant, and seeking to recover all damages related thereto, including compensation for the which Plaintiffs and the Class worked but were not paid.

## PARTIES, JURISDICTION AND VENUE

3. Plaintiff Sierra Wright ("Wright") is an adult resident of Shelby County, Tennessee and has been employed by Defendant Double J as an hourly-paid employee during the relevant statutory period herein. Plaintiff Wright's Consent to Become a Party-Plaintiff pursuant to 29 U.S.C. §214(b) is attached hereto as Exhibit A.

4. Plaintiff Vanessa Bryant ("Bryant") is an adult resident of Crittenden County, Arkansas and has been employed by Defendant Double J as an hourly-paid employee during the relevant statutory period herein. Plaintiff Bryant's Consent to Become a Party-Plaintiff pursuant to 29 U.S.C. §214(b) is attached hereto as Exhibit B.

5. Plaintiffs (and all others similarly situated) were "employees" of the Defendants as defined by Section 203(e)(1) of the FLSA, and worked for Defendants within the territory of the United States within three years preceding the filing of this lawsuit.

6. Defendant Double J West LLC dba Double J Smokehouse and Saloon is an Arkansas Limited Liability Company doing business as Double J Smokehouse and Saloon and operating a restaurant located in West Memphis, Arkansas. Defendant Double J can be served via its registered agent, Scott Ferguson, 200 South Rhodes, West Memphis, Arkansas 72301.

7. Defendant Jeff Stamm is an adult individual and resident of Memphis, Tennessee.

At times relevant to this Complaint, he was an owner of Defendant Double J and exercised operational control over significant aspects of Double J's day-to-day functions and is therefore individually liable for any violation of the FLSA. Defendant Stamm may be served for purposes of process at 710 South 4th Street, Memphis, Tennessee 38126.

8. Defendant Don Dawson is an adult individual and resident of West Memphis, Arkansas. At times relevant to this Complaint, he was an owner of Defendant Double J and exercised operational control over significant aspects of Double J's day-to-day functions and is therefore individually liable for any violation of the FLSA. Defendant Dawson may be served process at 2407 S. Woodlawn Street, West Memphis, Arkansas 72301.

9. Defendant John Harris is an adult individual and resident of West Memphis, Arkansas. At times relevant to this Complaint, he was an owner of Defendant Double J and exercised operational control over significant aspects of Double J's day-to-day functions and is therefore individually liable for any violation of the FLSA. Defendant Harris may be served for purposes of process at 2910 East Polk Avenue, West Memphis, Arkansas 72301.

10. Defendant James King is an adult individual and resident of West Memphis, Arkansas. At times relevant to this Complaint, he was an owner of Defendant Double J and exercised operational control over significant aspects of Double J's day-to-day functions and is therefore individually liable for any violation of the FLSA. Defendant King may be served for purposes of process at 1109 Rich Road, West Memphis, Arkansas 72301.

11. Double J is an enterprise engaged in interstate commerce under the FLSA and its regulations.

12. As Plaintiffs' employer, Double J was required to compensate Plaintiffs in accordance with the requirements of the laws of the United States and Arkansas, including but

not limited to, payment at the statutorily mandated rate of one-and-a-half times Plaintiff's Regular Rate of Pay (referred to hereinafter as the "Overtime Rate") for all hours worked in excess of forty hours per workweek.

13. The Court has subject matter jurisdiction pursuant to the FLSA of 1938, 29 U.S.C. § 216(b) and 28 U.S.C. § 1331, 1337. The Court also has subject matter jurisdiction over the supplemental state law claims pursuant to 28 U.S.C. §§ 1332 and 1367.

14. The Court has personal jurisdiction over the Defendants, who are based in Crittendon County, Arkansas, or conducted business in Crittendon County, Arkansas.

15. Venue also lies in this District, pursuant to 28 U.S.C. § 1391 because the Defendant is subject to personal jurisdiction in this district, does business in this district, and/or a substantial part of the alleged events or omissions giving rise to this action occurred in this district.

16. The Defendant is a business engaged in the food service industry, had annual gross volume of sales exceeding $500,000.00, and is a covered employer under the FLSA.

17. In addition to the named Plaintiffs, Defendants employ and have employed within the relevant period a substantial number of similarly situated employees.

18. The overtime provisions of the FLSA set forth in Sections 206 and 207, respectively, apply to Defendants.

## **CLASS DESCRIPTION**

19. Plaintiffs brings this action on behalf of the following similarly situated persons:

> All current and former non-exempt hourly-paid tipped employees employed in the United States who work or, have worked, for

Defendants at any time during the applicable limitations period covered by this Complaint (*i.e.,* two years for FLSA violations and, three years for willful FLSA violations) up to and including the date of final judgment in this matter, and who are named as Plaintiffs or elect to opt-in to this action pursuant to FLSA, 29 U.S.C. § 216(b) ("the class").

## FACTUAL BASIS FOR SUIT

20. This action is filed on behalf of Plaintiffs and other members of the Class who were required to work long hours per day for Defendants and were not paid the correct overtime rate or minimum wage for tipped employees.

21. Ms. Wright worked as a waitress for Double J from approximately July 2015 to February 2016.

22. Ms. Bryant worked as a waitress for Double J from approximately July 2015 to June 2016.

23. Plaintiffs and similarly situated employees would routinely work hours in excess of 40 hours per week but were not compensated at the appropriate cash wage rate of $5.755 per overtime hour. Defendants would only pay Plaintiffs and similarly situated employees an overtime rate of $3.195 for each overtime hour, effectively taking a larger tip credit allowed by law.

24. Plaintiffs and similarly situated employees were routinely asked to work "off the clock" to clean the restaurant, stock the restaurant, and stay over their scheduled shifts with the promise of additional compensation though it was never received. Therefore, Plaintiffs and similarly situated employees received less than the federal minimum wage of $7.25 and the

Arkansas minimum wage of $8.50 for every hour they worked and were not compensated and for any overtime worked at a rate of not less than one and one-half times the minimum hourly wage rate, as required by the FLSA, CFR and AMWA.

25. Plaintiff and Class members are often required to perform compensable work for Defendants but are not paid for all of the hours worked. Specifically, Defendants violated their statutory obligations to pay Plaintiffs, non-exempt employees (i) the minimum hourly wage rate of not less than $7.25 for Federal Minimum Wage and $8.50 for Arkansas minimum wage for all hours worked and (ii) overtime compensation at a rate of not less than one and one-half times the minimum hourly wage rate for hours worked in excess of forty (40) per workweek. 29 U.S.C. §§206(a), 207(a).

## "OPT-IN" COLLECTIVE ACTION

26. This action is maintainable as an "opt-in" collective action pursuant to 29 U.S.C. §216(b) as to claims for compensation, liquidated damages, interest, attorneys' fees and costs under the FLSA.

27. In addition to the Plaintiffs, numerous current and former employees of Defendants are similarly situated to Plaintiffs with regard to their wages and damages, in that they have been denied proper compensation for at least six (6) years prior to the filing of this complaint.

28. Plaintiffs are representative of the other current and former employees and are acting on behalf of their interests as well as Plaintiffs' own interests in bringing this action.

29. Those similarly situated employees are known to Defendants and are readily identifiable, and may be located through Defendants' records.

30. These similarly situated employees may be readily notified of this action and

allowed to "opt in' pursuant to 29 U.S.C. § 216(b), for purposes of collectively adjudicating their claims for compensation, liquidated damages, interest, attorneys' fees and costs under the FLSA.

## COLLECTIVE ACTION ALLEGATIONS

31. Plaintiffs bring this action on behalf of themselves and the class as a collective action under the FLSA, 29 U.S.C. §§ 206, 207, and 216(b).

32. The claims under the FLSA may be pursued by those who opt-in to this case under 29 U.S.C. § 216(b).

33. The other members of the class are so numerous that joinder of all other members of the class is impracticable. The exact number of the other members of the class is unknown to Plaintiffs at this time and can only be ascertained through applicable discovery.

34. The claims of Plaintiffs are typical of the claims of the class. Plaintiffs and the other members of the class work or have worked for Defendants and were subject to the same operational, compensation, and timekeeping policies and practices during the relevant period herein, including not being paid for all hours worked or, for wages which were owed to them.

35. Common questions of law and fact exist as to the class which predominate over any questions only affecting them individually and include, but are not limited to, the following:

- Whether Plaintiffs and other members of the class were required to work "off the clock" without compensation;

- Whether Defendants suffered and permitted Plaintiffs and other members of the class to work "off the clock" without compensation;

- Whether Defendants failed to pay Plaintiffs and other class members all overtime compensation due them for all compensable hours in excess of forty (40) hours per week, whether for "off the clock" work and/or for tipped work.
- The correct statutes of limitations for Plaintiffs' claims and the claims of the other members of the class;

- Whether Plaintiffs and other members of the class are entitled to damages, including but not limited to liquidated damages, and the measure of the damages; and,

- Whether Defendants are liable for attorneys' interest, fees, and costs.

36. Plaintiffs will fairly and adequately protect the interests of the class as their interests are aligned with those of the other members of the class. Plaintiffs have no interests adverse to the class and has retained competent counsel who are experienced in collective action litigation.

37. The collective action mechanism is superior to the other available methods for a fair and efficient adjudication of the controversy. The expenses, costs, and burden of litigation suffered by individual class members in a collective action are relatively small in comparison to the expenses, costs, and burden of litigating individual actions, making it virtually impossible for other members of the class to individually seek address for the wrongs done to them.

38. Plaintiffs and other members of the class have suffered and will continue to suffer irreparable damage from the unlawful policies, practices, and procedures implemented and enforced by Defendants.

## CAUSES OF ACTION

39. The forgoing facts are incorporated by reference as if fully stated herein.

40. Plaintiffs demand a jury.

41. Plaintiffs, on behalf of herself and others similarly situated, brings the following causes of action against Defendant:

    a. Willful failure to pay minimum and overtime wages in violation of the Fair Labor Standards Act of 1938;

    b. Unjust Enrichment/Quantum Meruit;

c. Breach of Contract; and

d. Violation the Minimum Wage Act of the State of Arkansas, Arkansas Code Annotated § 11-4-201 *et seq.*

## PRAYER FOR RELIEF

WHEREFORE, PLAINTIFFS pray for the following relief:

A. Authorization to issue notice pursuant to 29 U.S.C. §216(b) at the earliest possible time to all current and former employees during the six (6) years immediately preceding the filing of this action, informing them that this action has been filed, of the nature of the action, and of their right to opt into this lawsuit if they were not paid for work they were forced to complete following their required clock out time;

B. A declaratory judgment that Defendants have violated the compensation provisions of the FLSA, 29 U.S.C. § 206, as to Plaintiffs and similarly situated persons who opt into this action;

C. A declaratory judgment that Defendants' violations of the FLSA were willful;

D. An award to Plaintiffs and others similarly situated who opt into this action of damages in the amount of unpaid compensation to be proven at trial, which may include overtime in some cases;

E. An award to Plaintiffs and others similarly situated who opt into this action of interest and liquidated damages in an amount equal to the compensation shown to be owed to them pursuant to 29 U.S.C. §216(b);

F. An award to Plaintiffs and others similarly situated who opt into this action of reasonable attorneys' fees and costs, pursuant to 29 U.S.C. § 216(b);

G. An order certifying the Rule 23 Class, appointing Plaintiffs as the representative

of the Class, and appointing counsel for Plaintiffs as Class Counsel;

H. An award of compensatory and economic damages in an amount to be proven at trial;

I. An award of consequential and incidental damages in an amount to be proven at trial;

J. An award of pre- and post-judgment interest; and

K. An award of such other and further legal and equitable relief as may be appropriate.

Respectfully submitted,

**PLAINTIFFS SIERRA WRIGHT AND VANESSA BRYANT, INDIVIDUALLY AND ON behalf of Others Similarly Situated**

JACKSON, SHIELDS, YEISER & HOLT
Attorneys at Law
262 German Oak Drive
Memphis, Tennessee 38018
Telephone: (901) 754-8001
Facsimile: (901) 759-1745

By: _____
J. Russ Bryant
TN BPR #033830
rbryant@jsyc.com

**-And-**

William A. Wooten* (TN BPR#26674)
WOOTEN LAW OFFICE
120 Court Square East
Covington, TN 38019
Tel: (901) 475-1050
Fax: (901) 475-0032
wawooten@gmail.com
*Admission Anticipated